NOT FOR PUBLICATION

FILED

SEP 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QING ZENG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-73342

Agency No. A096-360-221

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 08, 2020[**]

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Qing Zeng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We dismiss in part and deny in part his petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening only for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

As to Zeng's claim based on ineffective assistance of counsel, Zeng has not challenged the BIA's finding that in waiting years to raise the claim, he failed to act diligently. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Zeng also does not challenge the BIA's determination that he failed to establish prima facie eligibility for relief under the Convention Against Torture. *See id*. Thus, these claims are waived.

The BIA did not abuse its discretion in denying Zeng's motion to reopen as untimely and numerically barred. "'If agency discretion is to mean anything, it must be that the agency has some latitude in deciding when to reopen a case. The agency should have the right to be restrictive. Granting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case.'" *INS v. Abudu*, 485 U.S. 94, 108 (1988) (quoting with approval *INS v. Jong*

14-73342

*Ha Wang*, 450 U.S. 139, 144 (1981) (quoting from Judge Wallace's dissenting opinion in *Villena v. INS*, 622 F.2d 1352, 1362 (9th Cir. 1980) (en banc)).

The BIA concluded that Zeng failed sufficiently to establish materially changed country conditions for Christians in China to qualify for an exception to the time and numerical limitations for motions to reopen. After thoroughly reviewing the record, we cannot say that the BIA's decision was either arbitrary, irrational, or contrary to law. First, Zeng's own evidence from a 2012 State Department Report discloses that "In parts of the country, local authorities tacitly approved of or did not interfere with the activities of unregistered groups. Guangdong officers, for example, increasingly allowed unregistered places of worship to hold services provided that they remained small in scale and did not disrupt social stability". Zeng is from Guangdong, not Beijing. He attended "house church" meetings, not large gatherings.

Second, Zeng submitted an article from the National Review Online dated Feb. 19, 2014 by Jillian Melchior. She spent a year in China and reported from personal experience that "persecution seemed to be a waning concern for Christians".

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

14-73342